UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWNA BURKETT, | ) | 5:12CV0615 |
| | ) | |
| Petitioner | ) | JUDGE JOHN R. ADAMS |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| MIKE DeWINE, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMMENDATION |

McHARGH, MAG. J.

The petitioner, Shawna Burkett ("Burkett") has filed a petition for a writ of

habeas corpus, arising out of her 2009 convictions for burglary and possession of

criminal tools, with a firearm specification, in the Portage County (Ohio) Court of

Common Pleas.  In her petition, Burkett raises a single ground for relief:

> 1. Ms. Burkett was convicted and sentenced to a one year firearm
> specification that she was never indicted/charged for.

(Doc. 1, at § 12.)  The respondent has filed a Return of Writ (doc. 5), and the

petitioner filed a Traverse (doc. 8).


I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

The matter proceeded to a bench trial on August 13, 2009.  At trial,
Mr. Darlin Liston testified that he noticed two individuals approach
the home of his neighbor, Mr. Norman Cable, and knock on the door.

1

Upon investigation, Mr. Liston noticed Mr. Cable's basement window was broken, and a "nail bar" was lying amongst the broken glass.  Mr. Liston testified that he returned home and tried to telephone Mr. Cable, who was attending a meeting in Cuyahoga Falls.  Mr. Liston then called the police.  Mr. Liston returned to his neighbor's home and testified that he saw two people—a man, later identified as Rick Haas, and a woman, later identified as Shawna Burkett—inside his neighbor's sunroom.

Officer Yoker of the Brimfield Police Department was the first to respond.  Officer Yoker testified that he saw Haas and Burkett in the breezeway.  He instructed both of them to surrender.  Complying, Haas and Burkett lay on the ground until back-up arrived.  While lying on the ground, Haas informed Officer Yoker that he had a loaded gun, a semi-automatic Beretta .32 caliber handgun, in his front pocket.

Mr. Cable also testified. Mr. Cable stated that he and his wife had lived in his home since 1993.  Mr. Cable indicated that he is semi-retired, but worked part-time in three different positions in local government—a part-time firefighter and EMT and he engaged in part-time environmental work for the village of Mogadore.  With regard to his work schedule, Mr. Cable stated that he will "sign up for shifts which are usually seldom more than a few days together at a time."  He described his work schedule as "highly variable."  Mr. Cable testified that, on this particular day, he was attending a meeting, which would have started at 9:00 a.m. and ended at 10:30 a.m.  Mr. Cable stated that he would have returned to his home by late morning.

At trial, Haas and Burkett were represented by the same counsel.  At the conclusion of the evidence, the trial court found Burkett guilty of burglary, with a firearm specification, and of possessing criminal tools.  The trial court sentenced Burkett to one year in prison for the firearm specification, which was to run consecutive to the five-year term for burglary, and a concurrent term of one year in prison for possessing criminal tools.

(Doc. 5, RX 16, at 1-3; State v. Burkett, No. 2009-P-0069, 2010 WL 5289260, at *1

(Ohio Ct. App. Dec. 20, 2010).)

## A.  Direct Appeal

Burkett filed a timely notice of appeal, and set forth the following six

assignments of error:

> 1. The trial court erred in finding Ms. Burkett guilty of a gun
> specification when the indictment fails to allege that she committed
> the offense.
>
> 2. The trial court erred in failing to grant Ms. Burkett's motion for
> judgment of acquittal as the evidence presented was not sufficient to
> support a conviction and/or the trial court's verdict was against the
> manifest weight of the evidence.
>
> 3. The trial court failed to protect the appellant's Sixth Amendment
> right to counsel by failing to ensure that the representation was free
> from conflicts of interest.
>
> 4. Ms. Burkett was denied her constitutional right as guaranteed by
> the United States and Ohio Constitutions to effective assistance of
> counsel when her attorney failed to provide Ms. Burkett with the
> conflict free representation to which she was entitled.
>
> 5. The trial court erred to the detriment of Ms. Burkett when it
> imposed sentence upon her without reviewing or considering R.C.
> 2929.11 and 2929.12.
>
> 6. The cumulative effect of the error committed by the trial court and
> by Ms. Burkett's trial counsel combined to deny Ms. Burkett due
> process and fair trial as guaranteed by the United States and Ohio
> Constitutions.

(Doc. 5, RX 11.)  The court of appeals affirmed the conviction.  (Doc. 5, RX 16;

Burkett, 2010 WL 5289260.)

Burkett appealed that decision to the Supreme Court of Ohio, raising the

following proposition of law:

3

1. The trial court does not have jurisdiction to convict or sentence a defendant for an unindicted offense.

(Doc. 5, RX 18.)  On Apr. 20, 2011, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 5, RX 20; State v. Burkett, 128 Ohio St.3d 1458, 945 N.E.2d 522 (2011).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Burkett has filed her petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).


### III.  UNINDICTED FIREARM SPECIFICATION

The sole ground of Burkett's petition claims that: "Ms. Burkett was convicted and sentenced to a one year firearm specification that she was never indicted/

charged for."  (Doc. 1, § 12.)  On direct appeal, the claim was framed as:  "The trial

court erred in finding Ms. Burkett guilty of a gun specification when the indictment

fails to allege that she committed the offense."  (Doc. 5, RX 11, at 6.)

The state court of appeals rejected her assignment of error, ruling as follows:

> Burkett and her husband were charged in a joint indictment.  The
> indictment contained a specification to count one, stating:
>
>> "The Grand Jurors further find and specify that Rick
>> Haas had a firearm on or about his person or under his
>> control while committing the offense.
>>
>> "Said Act being a Firearm Specification. Contrary to and
>> in violation of Section 2929.14(D) and Section 2929.141 of
>> the Ohio Revised Code and against the peace and dignity
>> of the State of Ohio."
>
> R.C. 2941.141(A) states, "[i]mposition of a one-year mandatory prison
> term upon an offender under division (D)(1)(a) of section 2929.14 of the
> Revised Code is precluded unless the indictment, count in the
> indictment, or information charging the offense specifies that the
> offender had a firearm on or about the offender's person or under the
> offender's control while committing the offense.  The specification shall
> be stated at the end of the body of the indictment, count, or
> information, and shall be in substantially the following form:
>
>> " 'SPECIFICATION (or, SPECIFICATION TO THE
>> FIRST COUNT). The Grand Jurors (or insert the person's
>> or the prosecuting attorney's name when appropriate)
>> further find and specify that (set forth that the offender
>> had a firearm on or about the offender's person or under
>> the offender's control while committing the offense.)' "
>
> We conclude that the indictment in this case was deficient, as it is not
> clear that the Grand Jury intended to charge Burkett with the firearm
> specification as to count one.  The state failed to adhere to the plain
> language of R.C. 2941.141.  Burkett, however, did not object to the
> indictment below and raises this issue for the first time on appeal.
> The Supreme Court of Ohio, in State v. Horner, 126 Ohio St.3d 466,
> 935 N.E.2d 26, 2010–Ohio–3830, at ¶ 46, has recently held:

> "[F]ailure to timely object to a defect in an indictment
> constitutes a waiver of the error. Crim.R. 12(C)(2)
> (objections to defect in indictment must be raised before
> trial). Any claim of error in the indictment in such a case
> is limited to a plain-error review on appeal.  State v.
> Frazier (1995), 73 Ohio St.3d 323, 652 N.E.2d 1000;
> Crim.R. 52(B)."

In State v. Payne, 114 Ohio St.3d 502, 873 N.E.2d 306,
2007–Ohio–4642, at ¶ 16–17, the Supreme Court of Ohio held there
are three limits placed on reviewing courts for correcting plain error:

> " 'First, there must be an error, i.e., a deviation from the
> legal rule. * * * Second, the error must be plain. To be
> "plain" within the meaning of Crim.R. 52(B), an error
> must be an "obvious" defect in the trial proceedings. * * *
> Third, the error must have affected "substantial rights."
> We have interpreted this aspect of the rule to mean that
> the trial court's error must have affected the outcome of
> the trial.'  State v. Barnes (2002), 94 Ohio St.3d 21, 27,
> 759 N.E.2d 1240.  Courts are to notice plain error 'only to
> prevent a manifest miscarriage of justice.'  State v. Long
> (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph
> three of the syllabus.

> "The burden of demonstrating plain error is on the party
> asserting it.  See, e.g., State v. Jester (1987), 32 Ohio
> St.3d 147, 150, 512 N.E.2d 962.  A reversal is warranted
> if the party can prove that the outcome 'would have been
> different absent the error.'  State v. Hill (2001), 92 Ohio
> St.3d 191, 203, 749 N.E.2d 274." (Emphasis sic.)

The error in the indictment did not rise to plain error.  As noted above,
Haas and Burkett burglarized the home of Mr. Cable.  As discussed in
Burkett's second assignment of error, although Burkett did not possess
a firearm on her person, she is subject to the firearm specification.  See
State v. Chapman (1986), 21 Ohio St.3d 41, 487 N.E.2d 566.  Finally,
the record demonstrates that counsel for Burkett defended her with
the understanding she was subject to the firearm specification.
Therefore, modification of the indictment would not have affected the
result.

(Doc. 5, RX 16, at 3-5; Burkett, 2010 WL 5289260, at *1-*3.)

One judge of the appellate panel dissented from the panel's ruling on this

issue:

> I respectfully dissent from its disposition of her first assignment of
> error, whereby she argues the indictment was defective regarding the
> firearm specification.  The majority agrees with her that the
> indictment was defective, since it is impossible to tell whether the
> grand jury intended to charge her with a firearm specification, but
> concludes that this error does not rise to the level of "plain error."  I
> disagree with this conclusion.  The majority premises its argument on
> Chapman, supra.  The Chapman Court stated, at the syllabus:
>
>> "An individual indicted for and convicted of R.C. 2911.01,
>> aggravated robbery, and R.C. 2941.141, a firearm
>> specification, is subject to a mandatory three-year term of
>> actual incarceration under R.C. 2929.71, regardless of
>> whether he was the principal offender or an unarmed
>> accomplice. (State v. Moore (1985), 16 Ohio St.3d 30, 476
>> N.E.2d 355, followed.)" (Emphasis added.)
>
> The Chapman Court premised this conclusion on the complicity
> statute, R.C. 2923.03.  Chapman at 42, 487 N.E.2d 566.  Nevertheless,
> the court required that the unarmed accomplice be properly indicted on
> the firearm specification.
>
> The situation presented by this case is entirely different, since Ms.
> Burkett was not properly indicted on the firearm specification.
> Consequently, Chapman seems inapplicable, and Ms. Burkett should
> not be held liable for the firearm specification under a complicity
> theory.  For this reason, I would reverse her conviction for the
> specification, and vacate that portion of her sentence stemming from it.

(Doc. 5, RX 16, at 18-19; Burkett, 2010 WL 5289260, at *10 (O'Toole, J., dissenting.)

The state court of appeals did not analyze Burkett's claim as a matter of

federal law.  Thus, where there is a federal constitutional issue, this court must

determine whether the state court's decision was contrary to clearly established

8

federal law, as determined by the Supreme Court.  A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price, 538 U.S. at 640.

On appeal, Burkett's claim was:  "The trial court erred in finding Ms. Burkett guilty of a gun specification when the indictment fails to allege that she committed the offense."  (Doc. 5, RX 11, at 6.)  The state court addressed this claim as an argument that her indictment was insufficient.  See generally doc. 5, RX 16, at 3-5; Burkett, 2010 WL 5289260, at *1-*3.  The court found that Burkett did not object to her indictment, and first raised the issue on appeal.  Doc. 5, RX 16, at 4; Burkett, 2010 WL 5289260, at *2.

However, Burkett's habeas petition attacks her conviction and sentence, not her indictment per se.  Not surprisingly, Burkett did not make the argument that her indictment was insufficient on the basis that she was not charged with as many offenses as her co-defendant.[1]  Burkett would reasonably have read the indictment in its specific, plain terms to charge the firearm specification only against her co-defendant, who had the handgun concealed in his pocket, rather than against her as well.  See generally doc. 5, RX 1.  It does not defy logic to suggest that Burkett would have had no reason to lodge a contemporaneous objection to her indictment

_____

[1]  This court has yet to encounter a defendant who responds, upon hearing the charges of the indictment at her arraignment:  "Please, sir, I want some more [charges]," to quote Oliver Twist.

9

on that basis.  Her co-defendant had the concealed handgun, she did not, and the indictment as presented reflected that situation.  Rather, she argues that her conviction and sentence were improper, insofar as she was not indicted, charged, and tried on the firearm specification for which she received a one-year enhancement to her sentence.

The respondent argues that the court cannot consider Burkett's constitutional claim, as it was adjudged to be procedurally defaulted in the state court.  (Doc. 5, at 12-17.)  Although the issue of procedural default is ordinarily resolved first, the Supreme Court has ruled that federal courts are not "invariably" required to address the procedural issue first where it presents a complicated question of law.  Lambrix v. Singletary, 520 U.S. 518, 525 (1997); Hudson v. Jones, 351 F.3d 212, 215-216 (6th Cir. 2003), cert. denied, 543 U.S. 880 (2004).  Therefore, this court will consider Burkett's constitutional claim initially, as the particulars of that claim impact the adequacy of the state procedural rule at issue.

## IV.  DUE PROCESS VIOLATION:  FAIR NOTICE

Ordinarily, "the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings."  Knewel v. Egan, 268 U.S. 442, 446 (1925).  The Fifth Amendment right to a grand jury indictment has never been found to be incorporated against the states.  Williams v. Haviland, 467 F.3d 527, 531-532 (6th Cir. 2006) (citing cases).  Nevertheless, the U.S. Supreme Court has found that fair notice is an essential due process right in all criminal prosecutions, state or federal.

10

Valentine v. Konteh, 395 F.3d 626, 631-632 (6th Cir. 2005) (quoting Cole v.

Arkansas, 333 U.S. 196 (1948)).

      Thus, the constitutional issue which arises on habeas review of an indictment

is whether the indictment provides the defendant with sufficient information of the

charged offense, to enable her to defend herself against the accusations. Roe v.

Baker, 316 F.3d 557, 570 (6th Cir. 2002), cert. denied, 540 U.S. 853 (2003); Blake v.

Morford, 563 F.2d 248, 250 (6th Cir. 1977), cert. denied, 434 U.S. 1038 (1978). See

also Russell v. United States, 369 U.S. 749, 763 (1962); Cole v. Arkansas, 333 U.S.

196, 201 (1948). "Any other deficiencies in the indictment alleged by petitioner are

solely matters of state law and so not cognizable in a federal habeas proceeding."

Roe, 316 F.3d at 570 (quoting Mira v. Marshall, 806 F.2d 636, 639 (6th Cir. 1986)).

      Due process mandates that the defendant be provided with "fair notice of the

charges against him to permit adequate preparation of his defense." Williams v.

Haviland, 467 F.3d at 535 (quoting Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir.

1984)); Olsen v. McFaul, 843 F.2d 918, 930 (6th Cir. 1988). Fair notice is given

when the charged offense is "described with some precision and certainty so as to

apprise the accused of the crime with which he stands charged." Williams v.

Haviland, 467 F.3d at 535; see also Russell, 369 U.S. at 763; Olsen, 843 F.2d at 930;

Koontz, 731 F.2d at 369. Where the defendant was fairly informed of the charges,

and had sufficient information to be able to admit or deny the charges and to

adequately prepare any defense that was available to her, there will be no federal

due process violation.

The Supreme Court has found that this due process protection, rooted in the Sixth and Fourteenth Amendments, is not limited to indictments, and applies to all criminal prosecutions, whatever the charging method employed:

> No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.  In re Oliver, 333 U.S. 257, 68 S.Ct. 499, and cases there cited.  * * * * * It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.  De Jonge v. State of Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278.

Cole, 333 U.S. at 201; see also Valentine, 395 F.3d at 631-632 (citing cases); Olsen, 843 F.2d at 930; Koontz, 731 F.2d at 369.

The Sixth Circuit has distinguished those cases involving the sufficiency of an indictment "when the notice given in the indictment fairly but imperfectly apprises the accused of an offense for which he is to be tried," from "the very different situation present in [a case such as] Watson v. Jago [558 F.2d 330 (6th Cir. 1977)], when a constitutional violation occurs because an accused is not given proper notice in the indictment of an offense for which he is to be tried."  Blake, 563 F.2d at 250.  See also Gautt v. Lewis, 489 F.3d 993, 1006-1007 (9th Cir. 2007), cert. denied, 552 U.S. 1245 (2008).

In Watson v. Jago, the Sixth Circuit stated that "[t]here is no question that the Fourteenth Amendment encompasses the right to fair notice of criminal charges."  Watson v. Jago, 558 F.2d 330, 338 (6th Cir. 1977).  The court reversed a

12

denial of a habeas petition, finding the petitioner was denied due process of law under the Fourteenth Amendment when he was forced, during his state trial, to defend against a charge which was not contained in the indictment.  Id. at 331.  The court rejected the state's theory of "constructive amendment," ruling:

> To allow the prosecution to amend the indictment at trial so as to enable the prosecution to seek a conviction on a charge not brought by the grand jury unquestionably constituted a denial of due process by not giving appellant fair notice of criminal charges to be brought against him.

Watson, 558 F.2d at 339 (citing DeJonge v. Oregon, 299 U.S. 353, 362 (1937)).

The Ninth Circuit, in Gautt v. Lewis, also reversed the district court's denial of a habeas petition, where the appellate court found that the petitioner's constitutional due process rights had been violated because he was sentenced under an enhancement which was not charged in the information.  Gautt, 489 F.3d at 997. The Gautt court stated that the Sixth Amendment "guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense," and that this right is applicable to the states through the due process clause of the Fourteenth Amendment.  Gautt, 489 F.3d at 1002-1003 (citing Cole and other cases).  The court noted that, to satisfy due process, the charging instrument must "state the elements of an offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend against."  Gautt, 489 F.3d at 1004.

The Gautt court found that, for purposes of the AEDPA's "clearly established Federal law" requirement,

13

> . . . it is "clearly established" that a criminal defendant has a right,
> guaranteed by the Sixth Amendment and applied against the states
> through the Fourteenth Amendment, to be informed of any charges
> against him, and that a charging document . . . is the means by which
> such notice is provided.  To satisfy this constitutional guarantee, the
> charging document need not contain a citation to the specific statute at
> issue; the substance of the [indictment], however, must in some
> appreciable way apprise the defendant of the charges against him so
> that he may prepare a defense accordingly.

Gautt, 489 F.3d at 1004.

In the case before it, the Ninth Circuit found that "the information did not provide any notice whatsoever of the enhancement ultimately applied."  Gautt, 489 F.3d at 1007.  As the Sixth Circuit had in Watson v. Jago, the Ninth Circuit distinguished the sufficiency of an indictment where the notice given "fairly but imperfectly apprises the accused of an offense for which he is to be tried," as stated in Blake, 563 F.2d at 250, from the situation before the court in Gautt:

> This is not a situation, in other words, in which the numerical citation
> was incorrect but the verbal description of the crime corresponded to
> the crime of which the defendant was convicted.  Nor is this a situation
> in which citation to one statute necessarily encompassed another
> lesser-included offense, thus sufficiently putting the defendant on
> notice of the need to defend against both statutes.

Gautt, 489 F.3d at 1007.

Here, Burkett was not fairly informed of the firearm specification, prior to the pronouncement of judgment.  Although state law is not dispositive in this context, the Ohio statute makes clear what type of notice is required for a sentencing enhancement pursuant to the firearm specification.  Under Ohio law, "[i]f the state wishes to enhance an offender's sentence pursuant to a gun

14

specification, the specification must appear in the indictment and be proven beyond a reasonable doubt." State v. Nowlin, 115 Ohio App.3d 778, 782, 686 N.E.2d 334, 337 (Ohio Ct. App. 1996) (citing Ohio Rev. Code §§ 2941.141, 2929.71). A gun specification must be charged in the indictment, and state that the offender had a firearm on or about his person or under his control while committing the offense. Nowlin, 115 Ohio App.3d at 780, 686 N.E.2d at 336; Ohio Rev. Code § 2941.141.

The state court of appeal here recognized that:

> . . . the indictment in this case was deficient, as it is not clear that the Grand Jury intended to charge Burkett with the firearm specification as to count one. The state failed to adhere to the plain language of R.C. 2941.141.

(Doc. 5, RX 16, at 4; Burkett, 2010 WL 5289260, at *2.) In fact, it is clear from the record that the indictment does not charge Burkett with a firearm specification. (Doc. 5, RX 1, indictment.)

The shortcomings of the indictment under state law are not the concern of this habeas court. However, the record is clear that the indictment did not fairly inform Burkett that she was charged with a firearm specification, which is a federal due process violation. There is no evidence that the firearm specification was "described with some precision and certainty so as to apprise the accused of the crime," here, the firearm specification under which she was ultimately sentenced. Williams v. Haviland, 467 F.3d at 535; see also Russell, 369 U.S. at 763; Cole, 333 U.S. at 201; Olsen, 843 F.2d at 930; Koontz, 731 F.2d at 369.

15

The state court also indicated that "the record demonstrates that counsel for Burkett defended her with the understanding she was subject to the firearm specification."  (Doc. 5, RX 16, at 5; Burkett, 2010 WL 5289260, at *3.)  This court has reviewed the entire trial transcript, and was unable to locate any evidence of such an understanding.  In any event, however, the Sixth Circuit has rejected such a theory of "constructive amendment," as discussed earlier.  See Watson, 558 F.2d at 339 (citing DeJonge, 299 U.S. at 362); see also Gautt, 489 F.3d at 1010 (closing argument or jury instructions cannot substitute for sufficient notice of charges).

The court finds that the state court's decision (that Burkett's essential due process right of fair notice of the charges against her was not violated) was contrary to clearly established federal law, as determined by the Supreme Court.  Cole, 333 U.S. at 201; see also Russell, 369 U.S. at 763; Valentine, 395 F.3d at 631-632.

## V.  PROCEDURAL DEFAULT?

The respondent argues that the court cannot grant habeas relief for the violation of this essential due process right, Cole, 333 U.S. at 201; Valentine, 395 F.3d at 631-632, under the theory that Burkett procedurally defaulted her claim.  (Doc. 5, at 12-17.)

Where a state court has failed to address a prisoner's federal claim because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman v. Thompson, 501 U.S. 722, 729-730 (1991); Wainwright v. Sykes,

16

433 U.S. 72 (1977).  The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).  In this case, the court must look more carefully at the first and third factors of the Maupin analysis.

## A.  Whether Procedural Rule Is Adequate State Ground

The question whether a state procedural ruling is adequate is itself a question of federal law.  Lee v. Kemna, 534 U.S. 362, 375 (2002); see also Beard v. Kindler, 558 U.S. 53, 130 S.Ct. 612, 617-618 (2009).  The Sixth Circuit has held that Ohio's contemporaneous objection rule may constitute an adequate and independent state ground barring federal habeas review.  Biros v. Bagley, 422 F.3d 379, 387 (6th Cir. 2005), cert. denied, 549 U.S. 853 (2006).  The first question before this court is whether the state court's ruling in this case (that the "contemporaneous objection rule" is applicable) is adequate.  The adequacy of a

17

state procedural bar is determined with reference to the "particular application" of the rule. Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (citing Lee, 534 U.S. at 387).

B.  Whether There Is Procedural Rule That Is Applicable to Petitioner's Claim

The next question before this court, then, is whether the "contemporaneous objection rule" is actually applicable, in the circumstances of this case, to bar Burkett's habeas claim.  See, e.g., Johnson v. Bobby, No. 2:08CV55, 2009 WL 3124423, at *26  (S.D. Ohio Sept. 29, 2009) (province of habeas court to determine whether procedural rule applicable for habeas review).  The court will first consider how Ohio has applied the contemporaneous objection rule in the context of indictments.

In Biros v. Bagley, for example, the Sixth Circuit upheld a procedural bar against a claim that the indictment was insufficient because the state court found that there had been no contemporaneous objection. Biros, 422 F.3d at 387. Importantly, however, the state court had found that "the indictment clearly provided appellant with adequate notice of the death penalty specifications with which he was being charged."  Biros, 422 F.3d at 387 (quoting State v. Biros, 78 Ohio St.3d 426, 438, 678 N.E.2d 891, 903  (1997)).  The state high court relied on its earlier decision in State v. Joseph.  Biros, 78 Ohio St.3d at 436, 678 N.E.2d at 901-902 (citing State v. Joseph, 73 Ohio St.3d 450, 455, 653 N.E.2d 285, 291 (1995)).

In an earlier application of the procedural default rule, State v. Joseph, the Supreme Court of Ohio also found the existence of notice:

18

While the specification in the present case contained a technical error, we cannot find that this error rendered the indictment invalid, as the correct language of the specification was clearly ascertainable to appellant.  * * * * * appellant certainly had sufficient notice from the wording of the specification that the aggravating circumstance set forth in R.C. 2929.04(A)(7) was being alleged.  * * * * * the record demonstrates that the wording of the specification was sufficient to give appellant notice that the state was required to prove that he was a principal offender in the commission of the aggravated murder of Ryan Young pursuant to the specification contained in R.C. 2929.04(A)(7).

Joseph, 73 Ohio St.3d at 456-457, 653 N.E.2d at 292.

Thus, the Supreme Court of Ohio has applied the contemporaneous objection rule (in the context of indictments) with a view toward assuring that the defendants' due process right to fair notice has  been satisfied.  See Biros, 78 Ohio St.3d at 436, 678 N.E.2d at 901-903; Joseph, 73 Ohio St.3d at 456-457, 653 N.E.2d at 292; State v. Frazier, 73 Ohio St.3d 323, 331-332, 652 N.E.2d 1000, 1009 (1995), cert. denied, 516 U.S. 1095 (1996) (defendant sufficiently apprised of charges).

The court cannot find Ohio's contemporaneous objection rule is "firmly established and regularly followed" to bar claims that an indictment is constitutionally deficient where the indictment fails to provide the defendant with fair notice of the charges, that is, to describe the charged offense "with some precision and certainty so as to apprise the accused of the crime," and the defendant is subsequently convicted and sentenced on the unindicted offense.  Williams v. Haviland, 467 F.3d at 535; see also Cole, 333 U.S. at 201; Russell, 369 U.S. at 763; Valentine, 395 F.3d at 631-632; Olsen, 843 F.2d at 930; Koontz, 731 F.2d at 369. See generally Beard, 130 S.Ct. at 617-618 (citing Lee, 534 U.S. at 376).

In addition, as already noted, Burkett's habeas petition attacks her conviction and sentence, not her indictment per se.  The indictment is reasonably read in its specific, plain terms to charge the firearm specification only against her co-defendant, who had the handgun concealed in his pocket, rather than against Burkett as well.  See generally doc. 5, RX 1.  Burkett would have had no reason to lodge a contemporaneous objection to her indictment on that basis.  Her co-defendant had the concealed handgun, and the indictment as presented reflected that situation.  Burkett argues that her conviction and sentence were improper, insofar as she was not indicted, charged, and tried on the firearm specification for which she received a one-year enhancement to her sentence.  The respondent has failed to demonstrate that there is an adequate state procedural rule which would bar federal habeas review of her constitutional claim in that context.

The Sixth Circuit has distinguished those cases when the notice given in the indictment "fairly but imperfectly" provides notice of the offense from "the very different situation" where a constitutional violation occurs because the accused is not given proper notice in the indictment of an offense for which she is to be tried.  Blake, 563 F.2d at 250 (citing Watson v. Jago, 558 F.2d 330).  See also Gautt, 489 F.3d at 1006-1007.  The court finds that this is such a situation, and the state's contemporaneous objection rule is inapplicable, under the circumstances of this case, at least insofar as it would bar habeas review.  See generally Lee, 534 U.S. at 376 ("exorbitant" application of procedural rule inadequate to bar consideration of federal question).

20

The adequacy of a state procedural bar is determined with reference to the "particular application" of the rule. Cotto, 331 F.3d at 240 (citing Lee, 534 U.S. at 387). The court finds that the "contemporaneous objection rule" as applied by the state court does not, under the circumstances of this case, bar federal habeas review of Burkett's claim. The court finds that the constitutional due process claim is properly before this court for review on the merits. See, e.g., Johnson, 2009 WL 3124423, at *26.

As discussed earlier, this court finds that the state court's decision (that Burkett's essential due process right of fair notice of the charges against her was not violated) was contrary to clearly established federal law, as determined by the Supreme Court. Cole, 333 U.S. at 201; see also Russell, 369 U.S. at 763; Valentine, 395 F.3d at 631-632.


## VI. HARMLESS ERROR?

The next issue for the court is to determine whether the state court's constitutional error is subject to harmless error analysis.

The Supreme Court has distinguished between "trial error," and "structural error." United States v. Gonzalez-Lopez, 548 U.S. 140, 148 (2006); Arizona v. Fulminante, 499 U.S. 279, 309-310 (1991). The distinction is between "'structural' constitutional errors that can be cured only through automatic reversal and those [trial] errors that can be corrected through harmless-error review." Gautt, 489 F.3d at 1014-1015.

21

Trial errors occur during the presentation of the case to the jury, and their effect may be assessed in the context of other evidence presented in order to determine whether they were harmless. Gonzalez-Lopez, 548 U.S. at 148. For example, where the court finds a Confrontation Clause violation, that type of trial error would be subject to a harmless error analysis. See, e.g., Jensen v. Romanowski, 590 F.3d 373, 379 (6th Cir. 2009); Vasquez v. Jones, 496 F.3d 564, 574 (6th Cir. 2007). The Supreme Court has affirmed that a federal habeas court must assess the prejudicial impact of constitutional trial error under the "substantial and injurious effect" standard set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). Fry v. Pliler, 551 U.S. 112 (2007). Under Brecht, the petitioner has to establish that a trial error had a "substantial and injurious effect or influence in determining the jury's verdict," in order to obtain habeas relief. Brecht, 507 U.S. at 637-638.

A "structural error," on the other hand, defies analysis by "harmless error" standards, because such an error "affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself." Fulminante, 499 U.S. at 310; see also Gonzalez-Lopez, 548 U.S. at 148-149. The structural errors explicitly identified by the Supreme Court include:

> . . . the denial of counsel, the denial of the right of self-representation, the denial of the right to public trial, and the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction.

Gonzalez-Lopez, 548 U.S. at 149 (internal citations omitted); see also Gautt, 489 F.3d at 1015 (listing admission of coerced confession, deprivation of right to counsel,

22

partial judge, unlawful exclusion of members of defendant's race from grand jury, right to self representation, right to public trial, and constitutionally deficient reasonable-doubt instructions, as explicitly recognized "structural errors").

The Supreme Court has not explicitly categorized the violation of a defendant's essential due process right of fair notice of the charges against her as a "structural" error, but neither has the Court characterized such an error as "harmless error." See Gautt, 489 F.3d at 1014-1016. The Ninth Circuit in Gautt was "inclined to believe that this type of constitutional deprivation must be structural, because it 'affect[s] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.'" Gautt, 489 F.3d at 1015-1016 (citing Fulminante, 499 U.S. at 310, and Brecht, 507 U.S. at 629-630).

In Stirone v. United States, 361 U.S. 212, 217-219 (1960), for example,

. . . the [Supreme] Court emphasized that a variance between the charges in the indictment and the evidence presented during the trial allowed the jury to convict on grounds not charged in the indictment and "destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." Id. at 217, 80 S.Ct. 270. Instead, the Court characterized the error as "fatal," and reversed the conviction. Id. at 219, 80 S.Ct. 270.

Gautt, 489 F.3d at 1014 (quoting Stirone).

The Supreme Court in Cole also emphasized the importance of the constitutional right at issue here:

No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the

23

constitutional rights of every accused in a criminal proceeding in all courts, state or federal.  In re Oliver, 333 U.S. 257, 68 S.Ct. 499, and cases there cited.  * * * * * It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.  De Jonge v. State of Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278.

Cole, 333 U.S. at 201; see also Joseph v. Coyle, 469 F.3d 441, 463 (6th Cir. 2006), cert. denied, 549 U.S. 1280 (2007); Valentine, 395 F.3d at 631-632; Koontz, 731 F.2d at 369.

A strong argument could therefore be made that violation of a defendant's essential due process right of fair notice of the charges against her, resulting in her conviction and sentencing on a specification which was not charged in the indictment, is a "structural" error.  Nevertheless, lower federal courts are naturally hesitant to add to those "structural errors" which have not been explicitly recognized by the U.S. Supreme Court.  See, e.g., Gautt, 489 F.3d at 1015.  In addition, the Sixth Circuit, in another case involving an uncharged specification, found it prudent to engage in the harmless error analysis.  Joseph, 469 F.3d at 464; see also Gautt, 489 F.3d at 1016.

Based on the court's earlier discussion of the unindicted firearm specification, the court finds that this constitutional error had a "substantial and injurious" impact on the petitioner's conviction and sentence.  As discussed earlier, the Supreme Court in Stirone found that a conviction on grounds not charged in the indictment "destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury.  Deprivation of such a basic

24

right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error."  Stirone, 361 U.S. at 217; see also Cole, 333 U.S. at 201.  The Sixth Circuit has previously ruled that a "constructive amendment" to the charging instrument is "prejudicial per se."  Browning v. Foltz, 837 F.2d 276, 280 (6th Cir. 1988), cert. denied, 488 U.S. 1018 (1989); Watson, 558 F.2d at 339 (citing DeJonge, 299 U.S. at 362); see also Gautt, 489 F.3d at 1010 (closing argument or jury instructions cannot substitute for sufficient notice of charges).

To take merely one example, had Burkett's counsel been aware that the trial court was considering a constructive amendment to expand the firearm specification to convict and sentence Burkett, he most likely would have conducted his defense of her with that in mind.  See, e.g., Cole, 333 U.S. at 201 (chance to be heard on issues raised by charge); Olsen, 843 F.2d at 930-931.  Counsel could have contested, either through cross-examination or by a Rule 29 motion, whether the state's evidence proved beyond a reasonable doubt that Burkett had a firearm on or about her person or under her control while committing the burglary.  Nowlin, 115 Ohio App.3d at 780, 686 N.E.2d at 336; Ohio Rev. Code § 2941.141.  While Burkett does not allege an insufficiency of the evidence claim in her habeas petition, the court notes that the evidence as reflected in the trial transcript does not appear to support such a specification against Burkett.  See, e.g., doc. 5, Trial Tr., at 48, 66 (co-defendant had concealed handgun).

Therefore, the court finds that the constitutional due process error had a "substantial and injurious" impact on Burkett's trial, conviction and sentence, and

25

the error was not harmless.  Moreover, it was objectively unreasonable for the state court to conclude otherwise.  Joseph, 469 F.3d at 464.  The court finds the state's conviction and sentence of Burkett on the unindicted firearm specification was prejudicial under Brecht.  See, e.g., Cole, 333 U.S. at 201 (violation of clearly established due process right to be convicted on charge that was never made); Gautt, 489 F.3d at 1016.

## VII.  SUMMARY

The petition for a writ of habeas corpus should be granted on the sole claim of the petition, that Burkett was convicted and sentenced to a one year firearm specification for which she was never properly indicted or charged.

The court finds that the state court's decision (that Burkett's essential due process right of fair notice of the charges against her was not violated) was contrary to clearly established federal law, as determined by the Supreme Court.  Cole, 333 U.S. at 201; see also Russell, 369 U.S. at 763; Valentine, 395 F.3d at 631-632.

The court also finds that the "contemporaneous objection rule" as applied by the state court here does not, under the circumstances of this case, bar federal habeas review of Burkett's claim.  Ohio's contemporaneous objection rule is not "firmly established and regularly followed" to bar claims that an indictment is constitutionally deficient where the indictment fails to provide the defendant with fair notice of the charges, that is, to describe the charged offense "with some precision and certainty so as to apprise the accused of the crime," and the defendant

26

is subsequently convicted and sentenced on the unindicted offense.  Williams v. Haviland, 467 F.3d at 535; see also Cole, 333 U.S. at 201; Russell, 369 U.S. at 763; Valentine, 395 F.3d at 631-632; Olsen, 843 F.2d at 930; Koontz, 731 F.2d at 369. See generally Beard, 130 S.Ct. at 617-618 (citing Lee, 534 U.S. at 376).  The constitutional due process claim is properly before this court for review on the merits.  See, e.g., Johnson, 2009 WL 3124423, at *26.

Finally, the court finds that the constitutional due process error had a "substantial and injurious" impact on Burkett's trial, conviction and sentence, and the error was not harmless.  Moreover, it was objectively unreasonable for the state court to conclude otherwise.  Joseph, 469 F.3d at 464.

Therefore, the petition for a writ of habeas corpus should be granted on the claim that Burkett was convicted and sentenced to a one year firearm specification for which she was never properly indicted or charged.

### RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be granted.

Dated:  Feb. 11, 2013                    /s/ Kenneth S. McHargh
                                         Kenneth S. McHargh
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).