UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shawna Burkett, | ) | CASE NO. 5:12CV615 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Mike DeWine, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This action is before the Court upon objections filed by Petitioner Anthony Webb, asserting error in the Report and Recommendation ("the R&R") of Magistrate Judge Kenneth McHargh. The Court REJECTS the R&R (Doc. 9). The Petition is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Respondent's objections.

In his objections, the Respondent contends that the R&R erred in its determination that Petitioner had not procedurally defaulted her claim. The Court agrees.

Petitioner and her co-defendant Rick Haas were convicted of burglary with a firearm specification and possession of criminal tools. Petitioner received a five year sentence on the burglary conviction and a consecutive one year sentence on the firearm specification. She also

1

received a one year concurrent sentence for her possession of criminal tools conviction.  On appeal, Petitioner asserted that her indictment was defective because it failed to include her and named only her co-defendant in the firearm specification.  The state appellate court concluded "that the indictment in this case was deficient, as it is not clear that the Grand Jury intended to charge Burkett with the firearm specification as to count one. The state failed to adhere to the plain language of R.C. 2941.141."  The state court, however, continued its analysis by noting that Petitioner had not lodged any objection in the trial court and raised the issue for the first time on appeal.  The state appellate court then concluded that this lack of objection resulted in waiver/forfeiture and limited Petitioner to arguing plain error.  The appellate court then concluded that no plain error had occurred.

In her habeas petition, Petitioner asserts that her defective indictment deprived her of due process by virtue of failing to give her fair notice of the charges levied against her.  In reviewing the matter, the R&R concluded that no procedural default occurred.  Respondent contends that the R&R erred in reaching this conclusion.  The Court now reviews that objection.

The Sixth Circuit has held that "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground.... Moreover, we view a state appellate court's review for plain error as the enforcement of a procedural default." *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004).  The R&R, however, reviewed the test set forth in *Maupin* and concluded otherwise under the facts presented herein.  In that regard, a federal court must conduct a four-step analysis to determine whether a petitioner failed to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* (citations omitted). "Second, the court must decide whether the state courts

actually enforced the state procedural sanction." *Id.* (citations omitted). Third, the state procedural forfeiture must be an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, the petitioner must show that there was "cause" for him not to follow the rule and that he was actually prejudiced by the error. *Id.*

The R&R appears to conclude that a review of the first and third factors above warrants a conclusion that no procedural default occurred.  The Court disagrees.

With respect to the applicability of Ohio's contemporaneous objection rule, the Court rejects any notion that it is inapplicable to Petitioner's particular set of facts.  The R&R appears to assert that a plain reading of the indictment would suggest that Petitioner was not charged with the firearm specification and would therefore have no reason to object to the indictment.  The Court agrees that the indictment itself would not generate a reason to file a pretrial objection. However, the record is clear that Petitioner was being tried for the offense.  The State made argument in support of her conviction on the firearm specification.  Moreover, following the bench trial, she was orally found guilty of that specification.  She did not raise any objection to the argument, nor did she raise any objection to her actual conviction. From the Court's review, it is clear that Ohio law compels a contemporaneous objection under those facts.

Moreover, the Court rejects the R&R's analysis that the state of Ohio has somehow not been consistently enforced.  To the contrary, even the cases cited by the R&R have consistently concluded that rights were waived absent a contemporaneous objection.  The R&R's assertion that the enforcement of the contemporaneous objection rule is *contingent* upon a finding that adequate notice requirements have been met.  There is simply no Ohio law to support this conclusion.  Instead, the discussion of notice in the cases relied upon by the R&R always falls

**within** a plain error review, after the contemporaneous objection rule has been enforced. Accordingly, the Court finds error in the conclusion that the contemporaneous objection rule was not applicable to Petitioner's claim.

Moreover, to the extent the R&R can be read to conclude that the rule is not adequate; the Court rejects that conclusion as well.  Upon review, there does not appear to be any independent analysis of this prong.  To the extent that there is any such review, the Court rejects it.  The Sixth Circuit has time and again concluded that Ohio's contemporaneous objection rule is an adequate ground to bar habeas review.  Nothing about the facts presented herein alter that conclusion.

Finally, the Court would note that this is not the extraordinary circumstance where the rule works to keep an innocent individual incarcerated.  Respondent has more than adequately shown that Petitioner was in fact guilty of the firearm specification by virtue of Ohio's complicity statute.  For that matter, the state appellate court made that precise finding when conducting its plain error review.  Accordingly, there exists no reason to decline to find procedural default.

The R&R is REJECTED.  Petitioner procedurally defaulted the sole claim in her habeas petition.  Accordingly, the petition is hereby DISMISSSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  There is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

September 6, 2013                           /s/ John R. Adams
                                            JUDGE JOHN R. ADAMS
                                            UNITED STATES DISTRICT COURT